## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN K. SERSEN, | Civil No. 05-2816 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Fay E. Fishman, **PETERSON & FISHMAN**, 3009 Holmes Avenue South, Minneapolis, MN 55408, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Susan Sersen brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance benefits. In a Report and Recommendation dated November 16, 2006, United States Magistrate Judge Arthur J. Boylan recommended that the Court grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.

This matter is before the Court on defendant's objections to the Report and Recommendation. The Court has conducted a *de novo* review of defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth

below, the Court adopts the Report and Recommendation of the Magistrate Judge and remands the case to the Commissioner of Social Security for an award of benefits.

## BACKGROUND

Susan Sersen was born on February 10, 1958. She has a high school education, and she worked previously as an assembler and cleaner. Plaintiff filed an application for disability benefits on November 16, 1999, asserting that she is completely unable to work because of right-sided pain in the neck, shoulder, arm, and hand; back and hip pain; migraine headaches; fibromyalgia; and hypertension.

The Social Security Administration denied Sersen's application initially and on reconsideration. Sersen then requested and received a hearing, which was held before an Administrative Law Judge ("ALJ") on August 24, 2001. The ALJ rendered an unfavorable decision dated September 17, 2001. The Social Security Administration Appeals Council denied Sersen's request for review, which made the ALJ's decision the final decision of the Commissioner. *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. §404.981. Sersen initiated an action in federal court seeking review of the decision pursuant to 42 U.S.C. § 405(g). On August 19, 2003, the Court issued an order remanding the matter to the Commissioner for further consideration.

On June 8, 2004, the ALJ held a supplemental hearing to further consider Sersen's application for benefits. The ALJ evaluated Sersen's claim according to the five-step sequence required by social security regulations. *See* 20 C.F.R. § 404.1520. The sequence requires the Commissioner to determine: (1) whether the claimant is presently

engaged in "substantial gainful activity;" (2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the "residual functional capacity" ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(a); *Kerns v. Apfel*, 160 F.3d 464, 466 n.6 (8th Cir. 1998).

At steps one through three, the ALJ determined that Sersen has not engaged in substantial gainful employment since her alleged onset date of August 21, 1998, and that Sersen's pain symptoms are considered "severe" as defined by federal regulations. However, the ALJ determined that her impairments do not meet or equal one of the listed presumptively disabling impairments.

At step four, the ALJ determined that Sersen had the following RFC: 1) engage in a modified range of sedentary work activity; 2) lifting/carrying less than ten pounds; 3) standing/walking at least two out of eight hours; 4) sitting for slightly less than six out of eight hours during the course of a workday; 5) unable to use her dominant right arm for any significant activity; 6) limited in all fine and gross manipulative hand activity; 7) unable to tolerate exposure to temperature extremes, noise, odors, gases, or fumes; 8) work that is limited to simple instructions; 9) brief and superficial contact with co-

workers, supervisors, and the public; and 10) performing only simple, routine, repetitive, concrete, tangible tasks.  Based on the RFC determined by the ALJ and the testimony of the vocational expert, the ALJ concluded that Sersen could not perform her past relevant work but could perform the job of a surveillance system monitor.  Therefore, the ALJ found Sersen not disabled as defined under the Social Security Act and denied her application for benefits.  The ALJ rendered this unfavorable decision on August 23, 2004.

The Social Security Administration Appeals Council denied Sersen's request for further review, and the ALJ's opinion became the final decision of the Commissioner.  On December 6, 2005, Sersen moved to reopen this case in federal court.  Both parties filed motions for summary judgment.

Sersen argues that: 1) the ALJ failed to follow the order of the Court on remand; 2) the ALJ failed to give appropriate weight to Sersen's credibility; and 3) the ALJ failed to offer the vocational expert a valid and complete hypothetical.  The Magistrate Judge agreed with Sersen's arguments.  The Magistrate Judge concluded that the hypothetical posed to the vocational expert failed to include all of Sersen's limitations, and therefore the vocational expert's answer to the hypothetical was invalid.  For the reasons explained below, the Court adopts the Report and Recommendation.

## ANALYSIS

## I.      STANDARD OF REVIEW

The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g).  Substantial evidence

is relevant evidence that a reasonable person would accept as adequate to support the Commissioner's conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   In determining whether evidence in the record is substantial, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000).  However, the possibility that the Court could draw two inconsistent conclusions from the same record does not preclude the decision from being supported by substantial evidence.  *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

## II.    DEFENDANT'S OBJECTION

In the objection, defendant argues that the Court should remand to the Commissioner for further proceedings and consideration of the evidence, rather than remand for an award of benefits.  The Eighth Circuit has held that there is no need to remand to the Commissioner for further consideration "[w]here the record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which plaintiff is entitled."  *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992).  The Court concludes that an award of benefits is warranted here.

The record overwhelmingly supports a finding of disability.  To begin, Sersen's treating physician, Dr. Komoto, opined that Sersen could only sit for four hours in an eight-hour day.  The ALJ rejected the opinion of Dr. Komoto, and failed to include this limitation in the hypothetical posed to the vocational expert.  The ALJ did not cite any evidence showing that Dr. Komoto's opinion was inconsistent with the other medical

evidence, even though the remand order from the Court faulted the ALJ for failing to assign controlling weight to Dr. Komoto's opinions. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) ("A treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."). The hypothetical should have included the limitation that Sersen could sit for only four hours in an eight-hour day. The vocational expert affirmed that "if a person is limited to standing and walking for two hours in an eight hour day, and sitting for four hours in an eight hour day, they'd be incapable of performing full-time employment . . . ." (Admin. R. 597.)   Given this testimony, it is clear that the vocational expert would have concluded that Sersen was incapable of performing full-time employment if the expert had been presented with a complete hypothetical.

The record indicates that there are several additional limitations that the ALJ should have included. Dr. Komoto opined that Sersen's pain would often interfere with her attention and concentration. The vocational expert indicated that concentration was a key characteristic of the surveillance system monitor job, which is the only job that the vocational expert concluded Sersen was capable of performing under the hypothetical posed by the ALJ. In addition, the ALJ did not include the limitation that Sersen would likely miss work more than four times a month due to her impairments or treatments. The vocational expert testified that the tolerated absenteeism in competitive employment is two absences per month, and any absences in excess of this would eliminate competitive employment. Similarly, the hypothetical posed to the vocational expert did

not reflect that Sersen would need numerous unscheduled breaks throughout the workday.  The vocational expert testified that the job of surveillance system monitor requires the presence of a person as scheduled because individuals in this job are often scheduled to work alone.  Again, the record shows that if the ALJ had provided the vocational expert with a complete hypothetical, the vocational expert would have concluded that Sersen was incapable of performing full-time work.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 416(i)(1)(A).  The record indicates that Sersen suffers from numerous impairments, including chronic pain, fibromyalgia, depression, hypertension, and migraine headaches that cause vomiting.  These impairments are thoroughly discussed in the Report and Recommendation, and do not need to be repeated here.  Given these impairments and the testimony of the vocational expert on the impact of these impairments, the Court concludes that the record provides overwhelming support for a finding of disability.

The Court further concludes that remand for further consideration of the evidence would merely delay the receipt of benefits.  The record indicates that the onset date of Sersen's disability was August 1998, and she filed an application for disability benefits in November 1999.  Her application has gone through multiple appeals, and the Court has already remanded her case once before.  Sersen has been forced to wait far too long to

receive the disability benefits to which she is entitled.  Accordingly, the Court remands her case to the Commissioner for a prompt award of benefits.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 26] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 25]. Accordingly,  **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for summary judgment [Docket No. 7] is **GRANTED**.

2.   Defendant's motion for summary judgment [Docket No. 19] is **DENIED**.

3.   The case is **REMANDED** to the Commissioner for an award of benefits.

DATED:    January 16, 2007                            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                      United States District Judge